# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES & EXCHANGE COMM., | |
| Plaintiff, | Case No. 2:03-CV-00831-KJD-RJJ |
| v. | **ORDER** |
| ULYSSES WARE, | |
| Defendant. | |

Presently before the Court is Defendant's Motion to Reopen Case (#107). Plaintiff Securities and Exchange Commission filed a response in opposition (#110) and Defendant replied (#114).

I.  Procedural History and Background

On July 14, 2003, a complaint was filed by the Securities and Exchange Commission (hereafter "SEC" or "Plaintiff") in the United States District Court, District of Nevada alleging the defendants were involved in a "pump and dump" scheme. See Complaint, Docket #1. Defendant Ulysses "Thomas" Ware (hereafter "Defendant") was among those sued by the SEC. Significant litigation occurred after the first complaint was filed, culminating in the Court ordering a default judgment in favor of the SEC. See Default Judgment, Docket #56. Defendants were permanently restrained and enjoined from violating the rules of the Securities Act and Securities Exchange Act of 1934 and to make an accounting of monies and assets within 30 days. Id. Defendant filed an appeal to

1  the Ninth Circuit Court of Appeals. See Notice of Appeal, Docket #72. The Ninth Circuit affirmed

2  the Court's default judgment order. See Affirming Order, Docket #104. Defendant now moves the

3  Court to reopen the case against him.

4  II.  Standard for Reconsideration

5      A motion to reopen is appropriately brought under Rule 60(b) of the Federal Rules of Civil

6  Procedure. See United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). Motions for

7  reconsideration are committed to the discretion of the trial court. See School Dist. No. 1J.

8  Mutlinomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). Pursuant to Rule 60(b),

9  reconsideration is appropriate only upon a showing of: (1) mistake, inadvertence, surprise, or

10  excusable neglect; (2) newly discovered evidence; (3) an adverse party's fraud, misrepresentation, or

11  other misconduct; (4) a void judgment; (5) a satisfied, released or discharged judgment; or (6) any

12  other reason justifying relief from the operation of the judgment. See Fed. R. Civ. P. 60(b). A party

13  can obtain relief under Rule 60(b) only upon an adequate showing of exceptional or extraordinary

14  circumstances. See Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir. 1995). A Rule 60(b) motion must

15  be filed within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the

16  judgment, order, or proceeding was entered. See Fed. R. Civ. P. 60(b).

17      A motion to reopen should not merely present arguments previously raised; that is, a motion

18  for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously

19  presented. See Merozoite v. Thorp, 52 F.3d 252, 255 (9th Cir. 1995); Beentjes v. Placer County Air

20  Pollution Control District, 254 F.Supp.2d 1159, at 1161 (E.D. Cal. 2003); Khan v. Fasano, 194 F.

21  Supp. 2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he

22  or she is unhappy with the judgment."). "As a general rule, the Court does not consider evidence on a

23  motion for reconsideration if the evidence could have been provided before the decision was rendered

24  initially." Arizona Civil Liberties Union v. Dunham, 112 F. Supp. 2d 927, 935 (D. Ariz. 2000) (citing

25  School Dist. No. 1J., 5 F.3d at 1263). In order for a party to demonstrate clear error, the moving

26

2

party's arguments cannot be the same as those made earlier. See Glavor v. Shearson Lehman Hutton, Inc., 879 F. Supp. 1028, 1033 (N.D. Cal. 1994). If a party simply inadvertently failed to raise the arguments earlier, the arguments are deemed waived. See Id. It is not an abuse of discretion for a district court to decline to address an issue raised for the first time in a motion for reconsideration. See 389 Orange Street Partners v. Arnold, 178 F.3d 656, 665 (9th Cir. 1999).

Under Rule 60(d)(3), a court has the authority to "set aside a judgment for fraud on the court." Fed.R.Civ.P. 60(d)(3). "Because fraud on the court concerns the integrity of the judicial process itself, a judgment may be set aside for fraud on the court at any time." See 12–60 Moore's Fed. Prac.—Civ. § 60.21[4][g]. The term "fraud on the court" will be read narrowly. Appling v. State Farm Mut. Auto. Ins. Co., 340 F.3d 769, 780 (9th Cir. 2003). "'Fraud upon the court' ... embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Id. The burden is on the moving party to establish fraud by clear and convincing evidence. See Atchison, Topeka & Santa Fe Ry. Co. v. Barrett, 246 F.2d 846 (9th Cir. 1957).

III. Analysis

Construing the Defendant's pro se motion liberally, it appears that Defendant brings the present motion under Rule 60(b)(4) and Rule 60(d)(3). Defendant further requests the Court to order a Kastigar Hearing and a Curcio Hearing on his behalf.

A. Rule 60(b)(4)

Defendant argues that the judgment filed against him is now void under Rule 60(b)(4). A default judgment against Defendant was entered on October 22, 2004. See Default Judgment Order, Docket #56. The Ninth Circuit Court of Appeals affirmed the default judgment on April 18, 2007.

///

3

1    See Affirming Judgment, Docket #102. Nearly five years later, Defendant has filed a motion to reopen

2    the case against him claiming the judgment is now void. See Motion to Reopen Case, Docket #107.

3        Defendant argues the Court lacked subject matter jurisdiction over him in this proceeding. "[A

4    judgment] is void only if the court that rendered judgment lacked jurisdiction of the subject matter, or

5    of the parties, or if the court acted in a manner inconsistent with due process of law." See U.S. v.

6    Castro, 243 B.R. 380, 382 (D. Ariz. 1999).

7        "The district courts shall have original jurisdiction of all civil actions arising under the

8    Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. Defendant's argument

9    surrounding his subject matter jurisdiction claim remains rather incoherent. However, Defendant was

10   sued by the SEC in the District of Nevada for his involvement in a scheme perpetrated by a Nevada

11   shell company in violation of the federal Securities and Exchange Acts. See Complaint, Docket #1.

12   Subject matter jurisdiction is not lacking in this area. Defendant also cites 15 U.S.C. § 77t(b) and §

13   78u(d, e) for further authority that the Court lacked subject matter jurisdiction. However, neither of

14   these sections are pertinent to Defendant's argument surrounding subject matter jurisdiction and a

15   Rule 60(b)(4) claim.

16       Defendant also argues his due process rights were violated. However, Defendant presents no

17   evidence that the court acted in a manner inconsistent with due process of law, as required for a Rule

18   60(b)(4) motion. "Rule 60(b)(4) allows a party to seek relief from a final judgment that "is void," but

19   only in the rare instance where a judgment is premised either on a certain type of jurisdictional error

20   or on a violation of due process that deprives a party of notice or the opportunity to be heard." See

21   United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 261 (2010). There is no evidence that the

22   Defendant was deprived of notice or an opportunity to be heard. Defendant's case has been heard at

23   length in this court and on appeal to the Ninth Circuit Court.

24       Finally, Rule 60(c) requires that 60(b) motions be made in a timely fashion. The present

25   motion comes nearly five years after the Ninth Circuit Court affirmed the Court's default judgment

26

4

1   against Defendant. While there is no bright line rule for timeliness under a Rule 60(b)(4) motion, filing

2   the motion five years after the case was closed leads the Court to believe the motion is untimely.

3          Defendant has failed to show any evidence that the judgment against him should be voided.

4   Moreover, Rule 60(c) required Rule 60(b) motions to be filed in a timely manner, and this motion has

5   been filed nearly five years after Defendant's case was closed. Therefore, the court denies relief under

6   Rule 60(b)(4).

7          B. Rule 60(d)(3)

8          Defendant argues that the court should grant him relief by "set[ting] aside a judgment for

9   fraud on the court." See Fed. R. Civ. P. 60(d)(3).

10         Claims of fraud upon the court will be read narrowly. See Appling, 340 F.3d at 780. The

11  burden is on the moving party to establish fraud by clear and convincing evidence. See Atchison, 246

12  F.2d 846. As referenced earlier, "'Fraud upon the court' ... embrace[s] only that species of fraud

13  which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so

14  that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases

15  that are presented for adjudication." See Appling, 340 F.3d at 780.

16         In his motion, Defendant claims a broad conspiracy perpetrated against him involving, among

17  others, this Court. However, he has presented no evidence showing fraud perpetrated upon the Court,

18  as required by Rule 60(d)(3). Defendant argues that significant fraud was committed by virtually

19  everyone involved in his case. However, Defendant has no evidentiary proof that there was actual

20  fraud in his case and the Court finds Defendant's allegations spurious.

21         C. Request for Kastigar Hearing and Curcio Hearing

22         Defendant has requested from this Court a Kastigar Hearing "to determine the source of the

23  evidence the USAO used at trial in [case number] 1224(RWS) and [case number] 1115(WHP)."

24  Motion to Reopen Case, Docket #107, p. 17. Defendant further requests from this Court a Curcio

25  hearing "to determine whether SAUSA Michael F. Bachner, Esq. and Gary G. Becker, Esq. had a

26
                                                    5

1    conflict of interest in the representation of Ware in [case number] 1115(WHP); along with Edward T.

2    M. Garland, Isabella Kirshner, Esq., Manny Arora, Esq., and David Levitt, Esq." See Id.

3         A Kastigar Hearing is an evidentiary-style hearing in which the prosecution must demonstrate

4    that its case rests solely on evidence other than the protected statements and their fruits. See Kastigar

5    v. United States, 406 U.S. 441 (1972). Many courts have interpreted Kastigar to require a full

6    evidentiary hearing to determine whether the government has improperly used immunized testimony.

7    See Jerome A. Murphy, The Aftermath of the Iran-Contra Trials: The Uncertain Status of Derivative

8    Use Immunity, 51 Md. L. Rev. 1011, 1024 (1992). A Curcio Hearing determines if the defendant can

9    knowingly and intelligently waive a conflict. See U.S. v. Curcio, 680 F.2d 881, (2d Cir. 1982). In a

10    Curcio Hearing, the court must: (1) advise the defendant about potential conflicts; (2) determine

11    whether the defendant understands the risks of those conflicts; and (3) give the defendant time to

12    digest and contemplate the risks, with the aid of independent counsel if desired. Id. at 888-90.

13         Defendant is asking the Court to grant evidentiary hearings for cases that were heard in the

14    United States District Court, Southern District of New York. The Court has no jurisdiction over the

15    cases heard in the Southern District of New York. Therefore, the Court will not grant Defendant's

16    request for hearings.

17    IV. Conclusion

18         Accordingly, IT IS HEREBY ORDERED that Movant's Motion to Reopen Case (#107) is

19    **DENIED**. IT IS FURTHER ORDERED that all other outstanding motions are **DENIED AS**

20    **MOOT**.

21    DATED this 15th day of August 2013.

22

23

24    _____

25    Kent J. Dawson

      United States District Judge

26