1
2
3
4
5
6
7   **UNITED STATES DISTRICT COURT**
8   **DISTRICT OF NEVADA**
9

10  SECURITIES & EXCHANGE COMM.,

11          Plaintiff,                    Case No. 2:03-CV-00831-KJD-RJJ

12  v.                                    **ORDER**

13  ULYSSES WARE,

14          Defendant.

15

16          Presently before the Court is Defendant's Motion to Reopen Case (#107). Plaintiff Securities

17  and Exchange Commission filed a response in opposition (#110) and Defendant replied (#114).

18  I.  Procedural History and Background

19          On July 14, 2003, a complaint was filed by the Securities and Exchange Commission

20  (hereafter "SEC" or "Plaintiff") in the United States District Court, District of Nevada alleging the

21  defendants were involved in a "pump and dump" scheme. See Complaint, Docket #1. Defendant

22  Ulysses "Thomas" Ware (hereafter "Defendant") was among those sued by the SEC. Significant

23  litigation occurred after the first complaint was filed, culminating in the Court ordering a default

24  judgment in favor of the SEC. See Default Judgment, Docket #56. Defendants were permanently

25  restrained and enjoined from violating the rules of the Securities Act and Securities Exchange Act of

26  1934 and to make an accounting of monies and assets within 30 days. Id. Defendant filed an appeal to

the Ninth Circuit Court of Appeals. <u>See</u> <u>Notice of Appeal</u>, Docket #72. The Ninth Circuit affirmed

the Court's default judgment order. <u>See</u> <u>Affirming Order</u>, Docket #104. Defendant now moves the

Court to reopen the case against him.

<u>II.  Standard for Reconsideration</u>

A motion to reopen is appropriately brought under Rule 60(b) of the Federal Rules of Civil

Procedure. <u>See</u> <u>United States v. Martin</u>, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). Motions for

reconsideration are committed to the discretion of the trial court. <u>See</u> <u>School Dist. No. 1J.</u>

<u>Mutlinomah County v. ACandS, Inc.</u>, 5 F.3d 1255, 1262 (9th Cir. 1993). Pursuant to Rule 60(b),

reconsideration is appropriate only upon a showing of: (1) mistake, inadvertence, surprise, or

excusable neglect; (2) newly discovered evidence; (3) an adverse party's fraud, misrepresentation, or

other misconduct; (4) a void judgment; (5) a satisfied, released or discharged judgment; or (6) any

other reason justifying relief from the operation of the judgment. <u>See</u> Fed. R. Civ. P. 60(b). A party

can obtain relief under Rule 60(b) only upon an adequate showing of exceptional or extraordinary

circumstances. <u>See</u> <u>Maraziti v. Thorpe</u>, 52 F.3d 252, 254 (9th Cir. 1995). A Rule 60(b) motion must

be filed within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the

judgment, order, or proceeding was entered. <u>See</u> Fed. R. Civ. P. 60(b).

A motion to reopen should not merely present arguments previously raised; that is, a motion

for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously

presented. <u>See</u> <u>Merozoite v. Thorp</u>, 52 F.3d 252, 255 (9th Cir. 1995); <u>Beentjes v. Placer County Air</u>

<u>Pollution Control District</u>, 254 F.Supp.2d 1159, at 1161 (E.D. Cal. 2003); <u>Khan v. Fasano</u>, 194 F.

Supp. 2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he

or she is unhappy with the judgment."). "As a general rule, the Court does not consider evidence on a

motion for reconsideration if the evidence could have been provided before the decision was rendered

initially." <u>Arizona Civil Liberties Union v. Dunham</u>, 112 F. Supp. 2d 927, 935 (D. Ariz. 2000) (citing

<u>School Dist. No. 1J.</u>, 5 F.3d at 1263). In order for a party to demonstrate clear error, the moving

2

party's arguments cannot be the same as those made earlier. See Glavor v. Shearson Lehman Hutton, Inc., 879 F. Supp. 1028, 1033 (N.D. Cal. 1994). If a party simply inadvertently failed to raise the arguments earlier, the arguments are deemed waived. See Id. It is not an abuse of discretion for a district court to decline to address an issue raised for the first time in a motion for reconsideration. See 389 Orange Street Partners v. Arnold, 178 F.3d 656, 665 (9th Cir. 1999).

Under Rule 60(d)(3), a court has the authority to "set aside a judgment for fraud on the court." Fed.R.Civ.P. 60(d)(3). "Because fraud on the court concerns the integrity of the judicial process itself, a judgment may be set aside for fraud on the court at any time." See 12–60 Moore's Fed. Prac.—Civ. § 60.21[4][g]. The term "fraud on the court" will be read narrowly. Appling v. State Farm Mut. Auto. Ins. Co., 340 F.3d 769, 780 (9th Cir. 2003). "'Fraud upon the court' ... embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Id. The burden is on the moving party to establish fraud by clear and convincing evidence. See Atchison, Topeka & Santa Fe Ry. Co. v. Barrett, 246 F.2d 846 (9th Cir. 1957).

III. Analysis

Construing the Defendant's pro se motion liberally, it appears that Defendant brings the present motion under Rule 60(b)(4) and Rule 60(d)(3). Defendant further requests the Court to order a Kastigar Hearing and a Curcio Hearing on his behalf.

A. Rule 60(b)(4)

Defendant argues that the judgment filed against him is now void under Rule 60(b)(4). A default judgment against Defendant was entered on October 22, 2004. See Default Judgment Order, Docket #56. The Ninth Circuit Court of Appeals affirmed the default judgment on April 18, 2007.

///

3

1   See Affirming Judgment, Docket #102. Nearly five years later, Defendant has filed a motion to reopen

2   the case against him claiming the judgment is now void. See Motion to Reopen Case, Docket #107.

3        Defendant argues the Court lacked subject matter jurisdiction over him in this proceeding. "[A

4   judgment] is void only if the court that rendered judgment lacked jurisdiction of the subject matter, or

5   of the parties, or if the court acted in a manner inconsistent with due process of law." See U.S. v.

6   Castro, 243 B.R. 380, 382 (D. Ariz. 1999).

7        "The district courts shall have original jurisdiction of all civil actions arising under the

8   Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. Defendant's argument

9   surrounding his subject matter jurisdiction claim remains rather incoherent. However, Defendant was

10  sued by the SEC in the District of Nevada for his involvement in a scheme perpetrated by a Nevada

11  shell company in violation of the federal Securities and Exchange Acts. See Complaint, Docket #1.

12  Subject matter jurisdiction is not lacking in this area. Defendant also cites 15 U.S.C. § 77t(b) and §

13  78u(d, e) for further authority that the Court lacked subject matter jurisdiction. However, neither of

14  these sections are pertinent to Defendant's argument surrounding subject matter jurisdiction and a

15  Rule 60(b)(4) claim.

16       Defendant also argues his due process rights were violated. However, Defendant presents no

17  evidence that the court acted in a manner inconsistent with due process of law, as required for a Rule

18  60(b)(4) motion. "Rule 60(b)(4) allows a party to seek relief from a final judgment that "is void," but

19  only in the rare instance where a judgment is premised either on a certain type of jurisdictional error

20  or on a violation of due process that deprives a party of notice or the opportunity to be heard." See

21  United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 261 (2010). There is no evidence that the

22  Defendant was deprived of notice or an opportunity to be heard. Defendant's case has been heard at

23  length in this court and on appeal to the Ninth Circuit Court.

24       Finally, Rule 60(c) requires that 60(b) motions be made in a timely fashion. The present

25  motion comes nearly five years after the Ninth Circuit Court affirmed the Court's default judgment

26

4

against Defendant. While there is no bright line rule for timeliness under a Rule 60(b)(4) motion, filing the motion five years after the case was closed leads the Court to believe the motion is untimely.

Defendant has failed to show any evidence that the judgment against him should be voided. Moreover, Rule 60(c) required Rule 60(b) motions to be filed in a timely manner, and this motion has been filed nearly five years after Defendant's case was closed. Therefore, the court denies relief under Rule 60(b)(4).

B. Rule 60(d)(3)

Defendant argues that the court should grant him relief by "set[ting] aside a judgment for fraud on the court." See Fed. R. Civ. P. 60(d)(3).

Claims of fraud upon the court will be read narrowly. See Appling, 340 F.3d at 780. The burden is on the moving party to establish fraud by clear and convincing evidence. See Atchison, 246 F.2d 846. As referenced earlier, "'Fraud upon the court' ... embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." See Appling, 340 F.3d at 780.

In his motion, Defendant claims a broad conspiracy perpetrated against him involving, among others, this Court. However, he has presented no evidence showing fraud perpetrated upon the Court, as required by Rule 60(d)(3). Defendant argues that significant fraud was committed by virtually everyone involved in his case. However, Defendant has no evidentiary proof that there was actual fraud in his case and the Court finds Defendant's allegations spurious.

C. Request for Kastigar Hearing and Curcio Hearing

Defendant has requested from this Court a Kastigar Hearing "to determine the source of the evidence the USAO used at trial in [case number] 1224(RWS) and [case number] 1115(WHP)." Motion to Reopen Case, Docket #107, p. 17. Defendant further requests from this Court a Curcio hearing "to determine whether SAUSA Michael F. Bachner, Esq. and Gary G. Becker, Esq. had a

5

1  conflict of interest in the representation of Ware in [case number] 1115(WHP); along with Edward T.

2  M. Garland, Isabella Kirshner, Esq., Manny Arora, Esq., and David Levitt, Esq." See Id.

3          A Kastigar Hearing is an evidentiary-style hearing in which the prosecution must demonstrate

4  that its case rests solely on evidence other than the protected statements and their fruits. See Kastigar

5  v. United States, 406 U.S. 441 (1972). Many courts have interpreted Kastigar to require a full

6  evidentiary hearing to determine whether the government has improperly used immunized testimony.

7  See Jerome A. Murphy, The Aftermath of the Iran-Contra Trials: The Uncertain Status of Derivative

8  Use Immunity, 51 Md. L. Rev. 1011, 1024 (1992). A Curcio Hearing determines if the defendant can

9  knowingly and intelligently waive a conflict. See U.S. v. Curcio, 680 F.2d 881, (2d Cir. 1982). In a

10 Curcio Hearing, the court must: (1) advise the defendant about potential conflicts; (2) determine

11 whether the defendant understands the risks of those conflicts; and (3) give the defendant time to

12 digest and contemplate the risks, with the aid of independent counsel if desired. Id. at 888-90.

13         Defendant is asking the Court to grant evidentiary hearings for cases that were heard in the

14 United States District Court, Southern District of New York. The Court has no jurisdiction over the

15 cases heard in the Southern District of New York. Therefore, the Court will not grant Defendant's

16 request for hearings.

17 IV. Conclusion

18         Accordingly, IT IS HEREBY ORDERED that Movant's Motion to Reopen Case (#107) is

19 **DENIED**. IT IS FURTHER ORDERED that all other outstanding motions are **DENIED AS**

20 **MOOT**.

21 DATED this 15th day of August 2013.

22

23

24  _____

25  Kent J. Dawson
    United States District Judge

26
                                    6