# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ULYSSES WARE, *et al.*,<br><br>　　　　Defendants. | Case No. 2:03-CV-00831-KJD-RJJ<br><br>**ORDER** |

　　　Presently before the Court is Defendant Ware's Emergency Rule 59 (e) Motion (#215), Emergency Rule 12(c),(b) Motion to Dismiss (#216) and Rule 55 Demand for Entry of Default Judgment (#220). Finally before the Court is the "Local Rule 7-2(d) Affidavit and Joint Stipulation of the Parties" (#223).

　　　On July 14, 2003, a complaint was filed by the Securities and Exchange Commission (hereafter "SEC" or "Plaintiff") in the United States District Court, District of Nevada alleging the defendants were involved in a "pump and dump" scheme. See Complaint, Docket #1. Defendant Ulysses "Thomas" Ware (hereafter "Defendant") was among those sued by the SEC. Significant litigation occurred after the first complaint was filed, culminating in the Court ordering a default judgment in favor of the SEC. See Default Judgment, Docket #56. Defendants were permanently

restrained and enjoined from violating the rules of the Securities Act and Securities Exchange Act of 1934 and to make an accounting of monies and assets within 30 days. Id. Defendant filed an appeal to the Ninth Circuit Court of Appeals. See Notice of Appeal, Docket #72. The Ninth Circuit affirmed the Court's default judgment order. See Affirming Order, Docket #104. Defendant moved to reopen the case against him on or about January 11, 2012.  The Court denied (#211) that motion and all other pending motions on August 15, 2013.

     Defendant then filed the present motions.  Defendant's emergency motion pursuant to Rule 59 is denied, because motions to alter or amend the judgment must be filed no later than twenty-eight (28) days after entry of the judgment.  See Fed. R. Civ. Pr. 59(e).  Judgment (#69) was entered against Defendant Ware on April 7, 2005.  Therefore, his motion to vacate the judgment is untimely.  Further, the Court's order (#211) entered on August 15, 2013 was an order denying Defendant's meritless motions and not a judgment to which Rule 59 applies.

     Defendant's emergency motion to dismiss pursuant to Rule 12 (b) and (c) must be denied as untimely also.  This action has been closed for over nine (9) years.  A rule 12 (b) motion must be made within twenty-one (21) days of service of the summons and complaint.  See Fed. R. Civ. Pr. 12(a)(1)(A)(i), (b).

     Despite Defendant's best efforts to have this Court enter a judgment against The Securities and Exchange Commission ("SEC") for failing to respond to his frivolous filings, the Court will not entertain such motions.  Procedurally, Plaintiff's Rule 55 motion makes no sense, because a default judgment first requires that a judgment for affirmative relief be sought against a party.  See Fed. R. Civ. Pr. 55(a).  There has never been a claim for affirmative relief against the Plaintiff SEC.  Therefore, this motion is denied.

     Further, even if under Local Rule 7-2(d) no opposition to a motion has been made, the Court must still consider the issue on the merits.  Plaintiff's motions are without merit.  Therefore, the failure of the SEC to respond to them does not require the Court to issue judgment against it.  Finally, Plaintiff's filing titled "Local Rule 7-2(d) Affidavit and Joint Stipulation of the Parties"

(#223) is not a stipulation. The Court will order the Clerk of the Court to strike that document. Due to Plaintiff's filing of multiple, meritless and deceptive motions, the Court bars Defendant Ware from filing any future motion, pleading or document with the Court, other than a notice of appeal of this order.

Accordingly, IT IS HEREBY ORDERED that Defendant Ware's Emergency Rule 59 (e) Motion (#215) is **DENIED**;

IT IS FURTHER ORDERED that Defendant's Emergency Rule 12(c),(b) Motion to Dismiss (#216) is **DENIED**;

IT IS FURTHER ORDERED that Defendant's Rule 55 Demand for Entry of Default Judgment (#220) is **DENIED**;

IT IS FURTHER ORDERED that the Clerk of the Court **STRIKE** "Local Rule 7-2(d) Affidavit and Joint Stipulation of the Parties" (#223).

DATED this 12th day of September 2014.

_____
Kent J. Dawson
United States District Judge